**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
*July 24, 2024*
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| VS. § § | **CRIMINAL NO. 4:24-cr-00384** |
| **SAMUEL GRIFFIN** § | |

## INDICTMENT

The United States Grand Jury charges:

At all times material herein:

1. The United States Small Business Administration (SBA) was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.

2. On or about March 27, 2020, the Coronavirus, Aid, Relief, and Economic Security (CARES) Act was enacted to provide emergency financial assistance to the millions of Americans suffering adverse economic effects caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and provided for expansion of others, including programs created and/or administered by the SBA. The CARES Act included and enhanced the Economic Injury Disaster Loan Program (EIDL).

3. The EIDL program was an SBA administered program that provided low interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

4. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses. The amount of the advance was determined by the number of employees the applicant certified having reported under penalty of perjury. The advances did not have to be repaid.

1

5. In order to obtain an EIDL advance, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenue for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant was also required to certify that all the information in the application was true and correct to the best of the applicant's knowledge under the penalty of perjury.

6. The Paycheck Protection Program (PPP) was also established by the CARES Act and is implemented by the SBA with support from the Department of the Treasury. This program provides small business owners with funds to pay up to 8 weeks of payroll costs, including benefits. Funds can also be used to pay interest on mortgages, rent and utilities for the listed business.

### COUNTS 1-5
(Wire Fraud – 18 U.S.C. § 1343)

**A.   INTRODUCTION**

1. The allegations in paragraphs 1-6 of the Introduction of this Indictment are hereby adopted, realleged, and incorporated as if set out fully herein.

**B.   THE SCHEME AND ARTIFICE TO DEFRAUD**

2. Beginning on or about March 1, 2020, and continuing through at least March 9, 2022, in the Houston Division of the Southern District of Texas, and elsewhere,

**SAMUEL GRIFFIN,**

Defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire

communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, as more fully set forth in the counts below.

C. **THE MANNER AND MEANS OF THE SCHEME**

3. The defendant applied for and received EIDL loans from the SBA by providing material false information regarding the existence of his businesses, the number of people the businesses employed, and the wages paid to the alleged employees. The defendant also provided false Internal Revenue Service (IRS) forms to substantiate his claims.

4. The defendant applied for and received PPP loans from the SBA by providing material false information regarding the existence of his businesses, the number of people the businesses employed, and the wages paid to the alleged employees. The defendant also provided false Internal Revenue Service (IRS) forms to substantiate his claims.

5. The defendant failed to spend the proceeds of the EIDL and PPP loans on his alleged businesses as required under the terms of the loans.

D. **EXECUTION OF THE SCHEME AND ARTIFICE**

6. On or about the following dates, the Defendant executed and attempted to execute the scheme and artifice set forth above by knowingly and fraudulently receiving PPP funds from the SBA by interstate wire transfer, as described in the counts below:

| COUNT | DATE | LOAN NAME | AMOUNT |
|---|---|---|---|
| **ONE** | May 26, 2020 | Ghost Enterprises, LLC | $57,700.00 |
| **TWO** | August 7, 2020 | Phoenix & Associates Holdings, LLC | $93,300.00 |
| **THREE** | August 13, 2020 | YUM YUM EMPORIUM | $65,700.00 |
| **FOUR** | January 21, 2021 | Phoenix & Associates Holdings, LLC | $94,737.50 |
| **FIVE** | February 2, 2021 | YUM YUM EMPORIUM | $100,282.00 |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 6
### (Wire Fraud – 18 U.S.C. § 1343)

**A.     THE SCHEME AND ARTIFICE TO DEFRAUD**

1.     Beginning on or about July 21, 2020, and continuing through at least July 16, 2024, in the Houston Division of the Southern District of Texas, and elsewhere,

**SAMUEL GRIFFIN,**

Defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, and in the execution of said scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, as more fully set forth in the counts below.

**B.     THE MANNER AND MEANS OF THE SCHEME**

2.     The defendant applied for and received a mortgage in the amount of $508,250 to purchase a home at 10407 Shanely Trace Lane, Richmond, Texas 77407.

3.     The defendant fraudulently induced the lender to approve his mortgage application by making material and false statements about his employment, income and bank holdings. The defendant falsely stated that he was employed by Mega Saff in Katy, Texas. He submitted counterfeit IRS W-2 Wage and Tax Statements showing income of $127,300 and $127,650 for the years 2018 and 2019. He submitted a counterfeit Wells Fargo Bank statement showing false balances of between $76,000 and $82,000 for the months of July, 2020.

4.     The defendant made only four payments toward this fraudulently obtained mortgage. He continues to reside in the home while the lender is attempting to foreclose.

**C.     EXECUTION OF THE SCHEME AND ARTIFICE**

5.     On or about July 21, 2020, the Defendant executed the scheme and artifice set forth above by knowingly and fraudulently submitting a Uniform Residential Loan Application by use

of interstate wire communication facilities.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7- 8
### (Aggravated Identity Theft- 18 U.S.C. § 1028A)

From on or about March 1, 2020, until on or about March 9, 2022, in the Houston Division of Southern District of Texas and elsewhere,

**SAMUEL GRIFFIN,**

Defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another, that is, the name, date of birth and social security number of S.Mc., a real person, to apply for fraudulent PPP loans, during and in relation to a violation of Title 18, United States Code, Sections 1343 (Wire Fraud) and 641 (Theft of Government Property).

| DATE | COUNT | AMOUNT |
| --- | --- | --- |
| **SEVEN** | August 13, 2020 | $65,700 |
| **EIGHT** | February 2, 2021 | $100,282 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE
### (18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), & 982(a)(2); 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 982 (a)(2)(A), the United States gives notice to the defendant,

**SAMUEL GRIFFIN,**

that in the event of conviction of the offenses charged in Counts 1 through 8 of this Indictment, the United States intends to seek forfeiture of all property constituting or derived from proceeds obtained, directly or indirectly, as the result of such offenses.

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), the United States gives notice to the defendants,

**SAMUEL GRIFFIN,**

that in the event of conviction of an aggravated identity theft offense charged in Counts 7 and 8 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, involved in the offense or traceable to such property.

**Money Judgment and Substitute Assets**

The United States gives notice that it will seek a money judgment against each defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants up to the value of the property subject to forfeiture.

TRUE BILL

Original Signature on File
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
United States Attorney

JAY HILEMAN
Assistant United States Attorney